## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| WILLIAM A. BARTOLI, | : | |
|     Plaintiff | : | |
| | : | |
| v. | : | C.A. No.: 2018- |
| | : | |
| CITY OF PAWTUCKET, | : | **Jury Trial Demanded** |
| By and through its Treasurer, | : | |
| SHAUN W. STROBEL, alias, | : | |
|     Defendant | : | |

## COMPLAINT

### I.    Introduction

1.    This is an action brought by Plaintiff William A. Bartoli ("Plaintiff") against his former employer, the City of Pawtucket, by and through its Treasurer, Shaun Strobel, alias, ("Defendant" or "City"), seeking compensatory, liquidated, and punitive damages, counsel fees, costs and other equitable relief arising out of willful violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* as well as violations of the Rhode Island Payment of Wages Act ("RIPWA"), R.I. Gen. Laws § 28-12-1, *et seq.* and § 28-14-1, *et. seq.*

### II.    Parties

2.    Plaintiff is a resident of the City of Pawtucket, County of Providence, and State of Rhode Island.

3.    At all relevant times, Plaintiff was an "employee"—within the meaning of 29 U.S.C. § 203(e)(2)(C) of the FLSA and R.I. Gen. Laws §§ 28-12-2(5) and 28-14-1(2) of the RIPWA—employed by Defendant in the State of Rhode Island.

4.    Defendant is a duly authorized and organized municipality under the laws of the State of Rhode Island and is sued by and through its Treasurer, Shaun W. Strobel, who is the

official designated by state law, R.I. Gen. Laws § 45-15-5, to be named in a suit for relief against the City for monetary damages.

*FLSA and RIPWA Liability Allegations*

5. At all relevant times, Defendant was Plaintiff's "employer" within the meaning of 29 U.S.C. § 203(d) of the FLSA and within the meaning of R.I. Gen. Laws §§ 28-12-2(7) and 28-14-1(3) of the RIPWA.

6. At all relevant times, Defendant suffered or permitted Plaintiff to work for the Defendant.

7. The Defendant is a "Public agency" within the meaning of 29 U.S.C. § 203(x) because it is a "political subdivision" of the State of Rhode Island. *See also* 29 C.F.R. § 553.3.

8. Because the Defendant is a Public agency, the Defendant is "deemed" to be an "enterprise" within the meaning of 29 U.S.C. §§ 203(r)(1) and 29 U.S.C. § 203(r)(2).

9. Further, the Defendant is "an enterprise engaged in commerce or in the production of goods for commerce" within the meaning of 29 U.S.C. § 203(s)(1) because the activity it performs is that of a "public agency." *See* 29 U.S.C. § 203(s)(1)(C).

### III.   Jurisdiction

10. The United States District Court for the District of Rhode Island has federal subject matter jurisdiction over this case under the provisions of 28 U.S.C. § 1331 because Plaintiff asserts claims arising under federal law; specifically, the FLSA, 29 U.S.C. § 201, *et seq*. Supplemental jurisdiction over the state law claims set forth herein is predicated on 28 U.S.C. § 1367 as they arise out of the same case or controversy.

## IV. Venue

11. Venue is proper in this Court insofar as Defendant is doing business in Rhode Island and therefore is deemed to reside in the District of Rhode Island, in compliance with the requirements set forth in 28 U.S.C. § 1391. Moreover, a substantial part of the acts and/or omissions giving rise to the claims asserted herein occurred in the District of Rhode Island, which establishes further that venue is proper in this Court.

## V. Material Facts

### A. Plaintiff's Work Duties and Non-Exempt Status

12. Plaintiff was employed by the Defendant as an Executive Administrative Assistant to the Mayor from on or about July 24, 2017 until his resignation on or about September 29, 2017.

13. As Executive Administrative Assistant to the Mayor, Plaintiff's job duties were clerical in nature, such as answering phones, setting up meetings as directed by the Mayor, filing, faxing, copying, and occasionally updating the Mayor's daily schedule with events the Mayor personally decided to attend.

14. Throughout Plaintiff's employment with Defendant, Plaintiff's primary job duties did not require and Plaintiff did not have the authority to exercise any discretion and independent judgment with respect to matters of significance.

15. Throughout Plaintiff's employment with Defendant, Plaintiff's primary job duties were not directly related to the management or general business operations of Defendant.

16. Throughout Plaintiff's employment with Defendant, Plaintiff's job duties did not require and Plaintiff did not have the authority to supervise any employees.

17. Throughout Plaintiff's employment with Defendant, Plaintiff's job duties did not require and Plaintiff did not have the authority to make any hiring or firing decisions.

18. Throughout Plaintiff's employment with Defendant, Plaintiff's job duties did not require and Plaintiff did not have the authority to make any operational decisions.

19. During a Referee Hearing before the Rhode Island Department of Labor and Training on December 27, 2017, Defendant's Director of Human Resources, Don Zimmerman, testified under oath and admitted that Plaintiff's position was non-exempt under the FLSA and the RIPWA.  Transcript of December 27, 2017 Referee Hearing, pgs 18-19.

20. Accordingly, throughout Plaintiff's employment with Defendant, Plaintiff was a non-exempt employee under the FLSA and the RIPWA.

### B. Plaintiff's Compensation and Unpaid Wages

21. At the time of Plaintiff's hiring, Plaintiff and Defendant agreed that Plaintiff would be compensated with an annual salary of forty-five thousand dollars ($45,000.00) based upon and in exchange for a fixed thirty-five (35) hour workweek.

22. However, immediately upon the start of Plaintiff's employment with Defendant, Defendant forced/required Plaintiff to work between forty-three (43) to fifty (50) hours per week during numerous workweeks.

23. Specifically , Plaintiff was required to work beyond his thirty-five (35) hour shift as follows:

   a. During the week ending on July 28, 2017, Plaintiff worked a total of forty-nine (49) hours.

   b. During the week ending on August 4, 2017, Plaintiff worked a total of forty-eight (48) hours.

    c.    During the week ending on August 11, 2017, Plaintiff worked a total of forty-seven (47) hours.

    d.    During the week ending on August 18, 2017, Plaintiff worked a total of forty seven and one half (47.5) hours.

    e.    During the week ending on August 25, 2017, Plaintiff worked a total of forty-eight (48) hours.

    f.    During the week ending on September 1, 2017, Plaintiff worked a total of forty-three and one half (43.5) hours.

    g.    During the week ending on September 8, 2017, Plaintiff worked a total of fifty (50) hours.

    h.    During the week ending on September 15, 2017, Plaintiff worked a total of forty-four and one half (44.5) hours.

    i.    During the week ending on September 22, 2017, Plaintiff worked a total of forty-five (45) hours

24.    Notwithstanding the fact that Plaintiff's salary was based on a thirty-five (35) hour work week, Defendant failed and/or refused to compensate Plaintiff straight time wages at his equivalent hourly rate for all hours worked in excess of thirty-five (35) hours but not exceeding forty (40) hours during workweeks identified in paragraph 23 above.

25.    Notwithstanding the fact that Plaintiff was a non-exempt employee, Defendant failed and/or refused to pay Plaintiff overtime compensation at a rate of one and one-half (1 ½) times his regular rate of pay for all hours worked in excess of forty (40) during the workweeks identified in paragraph 23 above.

26. The end result was that Defendant did not pay Plaintiff any compensation, straight time or overtime, for any hours worked in excess of thirty-five (35) during a workweek.

27. In total, Defendant failed and/or refused to pay Plaintiff approximately $1,112.85 in straight time wages based on a total of forty-five (45) hours worked in excess of thirty-five (35) hours, but not exceeding forty (40) during the workweeks identified in paragraph 23 above.

28. In total, Defendant failed and/or refused to pay Plaintiff approximately $2,318.75 in overtime wages based on a total of sixty-two and one half (62.5) hours worked in excess of forty (40) during the workweeks identified in paragraph 23 above.

29. Instead of properly compensating Plaintiff straight time and overtime pay for all hours worked whenever Plaintiff worked over thirty-five (35) hours during a particular week, Defendant demanded that Plaintiff log in to the employee time keeping system and manually alter the amount of hours worked by Plaintiff to incorrectly reflect that Plaintiff had only worked thirty-five (35) hours during that particular workweek.

30. Additionally, on at least one occasion, Plaintiff was told by the Mayor of Pawtucket that Defendant could not afford to pay Plaintiff overtime, but that Plaintiff would still have to work overtime.

31. Throughout Plaintiff's employment, Defendant never offered or provided Plaintiff with any compensatory time off in exchange for the additional hours worked by the Plaintiff above thirty-five (35) hours per week nor for any overtime hours worked by the Plaintiff.

**C.     Defendant's Knowledge of Hours Worked Without Compensation**

32. Plaintiff notified Defendant, by and through its agents, on at least three (3) different occasions that he was working over thirty-five (35) hours per workweek without being paid the required straight time at his equivalent hourly rate or overtime pay and questioned why

the Defendant required him to only record thirty-five (35) hours worked instead of all hours actually worked as follows.

  a. On or about mid-August 2017, Plaintiff had an in-person meeting with Dylan Zalazo, Plaintiff's immediate supervisor and Defendant's Director of Administration, where Plaintiff's concerns and inquiries were brought up orally.

  b. On or about August 25, 2017 Plaintiff called Diane, at Defendant's Human Resources Department, and left her a detailed voicemail.

  c. On or about August 28, 2017, Plaintiff called Don Zmmerman, Defendant's Director of Human Resources, and left him a detailed voicemail.

33. Every single one of Plaintiff's notifications, concerns, and/or inquiries described in paragraph 32 above went unacknowledged and/or unanswered by Defendant and/or its agents.

### D. Work Suffered or Permitted

34. Defendant is liable to Plaintiff for the payment of wages or overtime wages for all hours that Plaintiff was "suffered or permitted to work"—regardless of whether the work was requested, authorized or needed—whenever Defendant knew or had constructive knowledge that the work was being performed.[1]

35. Defendant knew or had reason to believe that throughout Plaintiff's employment with Defendant, Plaintiff was working in excess of thirty-five (35) hours per workweek on a regular basis for which he was not being compensated the mandated straight time at his equivalent hourly rate.

36. Accordingly, Defendant had constructive, if not actual, knowledge that Plaintiff

---

[1] As long as the employer knows or has reason to believe that its employee is continuing to work, that time is "work time," and the employee is entitled to the payment of wages from the employer for said time. *See* 29 C.F.R. § 785.11.

regularly performed work for which he was not compensated.

37.     Defendant knew or had reason to believe that throughout Plaintiff's employment with Defendant, Plaintiff was working in excess of forty (40) hours per workweek on a regular basis for which he was not being compensated at a rate not less than one and one-half times the regular rate at which he was employed.

38.     Accordingly, Defendant had constructive, if not actual, knowledge that Plaintiff regularly performed overtime work for which he was not compensated at a rate not less than one and one-half times the regular rate at which he was employed.[2]

39.     Nevertheless, Defendant failed or refused to pay Plaintiff the compensation to which he was legally entitled for all overtime hours worked.[3]

### E.     Failure to Pay Wages

40.     At all relevant times, Plaintiff was a non-exempt employee[4] entitled to payment of minimum wages under applicable law.[5]

41.     The RIPWA prescribes that every employee shall be paid "***all due wages*** from his or her employer." *See* R.I. Gen. Laws § 28-14-2.2(a) (emphasis added).

---

[2] An employer is said to have "constructive knowledge" of its employee's overtime work when it has reason to believe that its employee is working beyond his shift. *Allen v. Bd. of Pub. Educ. for Bibb Cnty.*, 495 F.3d 1306 (11th Cir. 2007).

[3] Once an employer knows or has reason to know that an employee is working overtime, ***it cannot deny compensation even where the employee fails to claim overtime hours or the work was not requested.*** *Holzapfel v. Town of Newburgh, N.Y.,* 145 F.3d 516 (2d Cir. 1998); *Johnson v. RGIS Inventory Specialists*, 554 F. Supp. 2d 693 (E.D. Tex. 2007).

[4] It should be pointed out that any exemption from the payment of minimum wage or overtime are "narrowly construed against the employers seeking to assert their application," *Arnold v. Ben Kanowsky, Inc.* 361 U.S. 388,392 (1960), with the burden of proving the exemption placed "upon the employer." *Martin v. Cooper Electric Supply Co.*, 940 F.2d 896, 900 (3rd Cir. 1991); *Idaho Sheet Metal Works, Inc. v. Wirtz,* 383 U.S. 190, 206 (1966).

[5] Under the FLSA, every employer engaging in commerce must pay employees no less than a specified amount ***per hour***. *See* 29 U.S.C. § 206 (emphasis added). Under the RIPWA, every employer must pay employees no less than a specified amount ***per hour***. *See* R.I. Gen. Laws § 28-12-3 (emphasis added).

42. The RIPWA broadly defines the word "wages" as "all amounts at which the labor or service rendered is recompensed, whether the amount is fixed or ascertained on a time, task, piece, commission basis, or other method of calculating the amount." *See* R.I. Gen. Laws § 28-14-1(4).

43. The RIPWA provides expressly that none of its provisions shall in any way limit or prohibit private agreements between an employer and its employee that provide for the payment of wages or compensation in greater amounts than that which is provided for by the RIPWA. *See* R.I. Gen. Laws § 28-14-9.

44. Where, as here, a salaried employee has a fixed workweek less than forty (40) hours, additional time worked beyond the number of hours agreed upon must be paid at an equivalent hourly rate up until forty (40) hours and time and one half (1/2) every hour thereafter.[6]

45. At the time of Plaintiff's hiring, Plaintiff and Defendant agreed that Plaintiff would be compensated with an annual salary of forty-five thousand dollars ($45,000.00) based upon and in exchange for a *fixed* thirty-five (35) hour workweek.

46. Accordingly, Defendant was obligated to compensate Plaintiff at his hourly equivalent for all additional hours that Plaintiff worked in excess of thirty-five (35) hours up until forty (40) hours per workweek.

---

[6] 29 C.F.R. § 778.113(a)(when a salaried employee has a fixed workweek less that forty (40) hours, he is entitled to his hourly equivalent for all additional hours worked up until forty hours and time and one half for every hour worked above hour forty, such hourly equivalent to be calculated by dividing the salary by the number of hours which the salary is intended to compensate); *see also Norceide v. Cambridge Health Alliance*, 814 F.Supp.2d 17, 23-25 (D. Mass 2011)(The court held that where compensation was based on twenty-six (26) hours of work, the company violated the minimum wage provision of the FLSA by not paying the employees for the hours worked above 26.); *accord D'Arezzo v. Providence Ctr., Inc.*, 142 F. Supp. 3d 224, 228 (D.R.I. 2015) ("Plaintiffs could state a claim . . . when their employer requires them to put in additional work, not required by their contract, [without compensation].").

47. Nevertheless, Defendant willfully and intentionally failed or refused to compensate Plaintiff at his hourly equivalent for all additional hours that Plaintiff worked in excess of thirty-five (35) hours up until forty (40) hours per workweek for the workweeks and in the amounts set forth herein as required by the FLSA and RIPWA.[7]

### F.    Failure to Pay Overtime Compensation

48. At all relevant times, Plaintiff was a non-exempt employee entitled to payment of overtime wages as defined under applicable law.[8]

49. Defendant willfully and intentionally failed or refused to compensate Plaintiff the legally required overtime pay of one and one-half (1 ½) times his regular rate of pay for all hours worked over forty (40) in a workweek for the workweeks and in the amounts set forth herein as required by the FLSA and RIPWA.

### G.    Damages

50. Defendant regularly and routinely required Plaintiff to work hours in excess of thirty-five (35) hours per week for which he was not compensated at his equivalent hourly rate for the workweeks and in the amounts set forth herein.

51. Defendant regularly and routinely required Plaintiff to work hours each workweek

---

[7] It is black letter law than an employee of a private employer may not "volunteer," in whole or in part, to perform work for his or her employer, insofar as an employee may not waive his or her right to minimum wage and overtime pay due under the FLSA. *See Barrentine v. Arkansas-Best Freight Sys., Inc.,* 450 U.S. 728, 740 (1981); *Brooklyn Savings Bank v. O'Neil,* 324 U.S. 697 (1945). Nor may FLSA rights be abridged, waived, or modified by contract or custom. *See Tennessee Coal, Iron & R. Co. v. Muscoda Local No. 123*, 321 U.S. 590, 602-03 (1944)("***The Fair Labor Standards Act was not designed to codify or perpetuate those customs and contracts which allow an employer to claim all of an employee's time while compensating him for only a part of it.*** Congress intended, instead, to achieve a uniform national policy of guaranteeing compensation for all work or employment engaged in by employees covered by the Act. Any custom or contract falling short of that basic policy, like an agreement to pay less than the minimum wage requirements, cannot be utilized to deprive employees of their statutory rights.")(emphasis added; footnote omitted).

[8] Under the FLSA, every employer in commerce shall pay its employees time and one half (1 ½) for all hours worked over forty (40). 29 U.S.C. §§ 206 and 207. Under the RIPWA, every employer shall pay the minimum wage prescribed by law and one and one-half (1 ½) the rate of their regular compensation for all hours worked over forty (40). R.I. Gen. Laws § 28-12-1, *et seq*.

in excess of forty (40) without pay or overtime pay for the workweeks and in the amounts set forth herein.

52. Defendant willfully and repeatedly violated the provisions of the FLSA and the RIPWA by failing to pay Plaintiff for all hours worked and for failing to compensate Plaintiff at a rate not less than one and one-half times (1 ½) his regular rate of pay for all hours worked in excess of forty (40) in any one (1) workweek.

53. As a result of the Defendant's acts and/or omissions, including, but not limited to, those described herein, Plaintiff has sustained loss of wages, overtime pay, and other compensation and/or benefits of employment and other great damage.

## VI. Claims for Relief

54. Plaintiff incorporates the allegations in ¶¶1 through 53 above in each of the counts set forth below.

### Count One
*Fair Labor Standards Act,*
*29 U.S.C. § 201, et. seq.*

55. Defendant, by its acts and/or omissions, including, but not limited to, those described herein, violated the FLSA by failing to pay wages and overtime wages as provided therein, thereby causing Plaintiff to suffer damages as aforesaid, for which he is entitled to relief pursuant to 29 U.S.C. § 216(b).

### Count Two
*Rhode Island Payment of Wages Act,*
*R.I. Gen. Laws § 28-12, et. seq., and*
*R.I. Gen. Laws § 28-14-1, et seq.*

56. Defendant, by its acts and/or omissions, including, but not limited to, those described herein, violated the RIPWA by failing to pay wages and overtime wages as provided therein, thereby causing Plaintiff to suffer damages as aforesaid, for which he is entitled to relief

pursuant to R.I. Gen. Laws § 28-14-19.2 and § 28-14-20.

## VII.     Prayers for Relief

**WHEREFORE**, Plaintiff prays that this Honorable Court grant the following relief:

1. A declaratory judgment declaring that the acts and/or omissions of Defendant, including, but not limited to those complained of herein, are in violation of the FLSA and the RIPWA.

2. An injunction enjoining Defendant from violating the wages and overtime payment requirements under the FLSA and the RIPWA in the manner complained of herein.

3. An award of compensatory damages.

4. An award of punitive damages.

5. An award of interest.

6. An award of liquidated damages pursuant to 29 U.S.C. § 216(b).

7. An award of liquidated damages in the amount of two times the amount of wages and/or benefits owed pursuant to R.I. Gen. Laws §§ 28-14-19.2 and 28-14-20.

8. An award of reasonable attorneys' fees and costs of litigation pursuant to 29 U.S.C. § 216(b).

9. An award of reasonable attorney's fees and costs pursuant to R.I. Gen. Laws §§ 28- 14-19.2 and 28-14-20.

10. An award of other appropriate equitable relief pursuant to 29 U.S.C. §216(b).

11. An award of other appropriate equitable relief or penalties pursuant to R.I. Gen. Laws § 28-14-19.2.

12. Such other and further relief as this Honorable Court deems just and proper.

## VIII. Demand for Jury Trial

Plaintiff hereby demands a trial by jury on all counts so triable.

## IX. Designation of Trial Counsel

Plaintiff hereby designates Richard A Sinapi, Esquire, as trial counsel.

                                  Plaintiff,
                                  By his attorneys,
                                  **SINAPI LAW ASSOCIATES, LTD.**

**Dated: January 23, 2018**            /s/ **Richard A. Sinapi, Esq.**
                                  **Richard A. Sinapi, Esq. (#2977)**
                                  2374 Post Road Suite 201
                                  Warwick, RI 02886
                                  Phone: (401) 739-9690; FAX: (401) 739-9490
                                  Email: ras@sinapilaw.com