UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| WILLIAM A. BARTOLI,      : <br>      Plaintiff             : <br>                             : <br> v.                      : <br>                             : <br> CITY OF PAWTUCKET,     : <br> By and through its Treasurer,  : <br> SHAUN W. STROBEL, alias,   : <br>      Defendant       : | C.A. No.:  18-cv-00030-WES-PAS |

**PLAINTIFF'S SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF JOINT MOTION FOR REVIEW AND APPROVAL OF SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS**

I.     **BACKGROUND**

This is an action originally brought pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq*. ("FLSA") and the Rhode Island Payment of Wages Act ("RIPWA"), R.I. Gen. Laws § 28-12-1, *et seq*. and § 28-14-1, *et seq*. by Plaintiff William A. Bartoli, who alleged that he had not been properly compensated for all hours worked during his employment by the defendant City of Pawtucket.

On March 19, 2010, the Parties filed a Joint Motion for Review and Approval of Settlement Agreement and Release of Claims ("Joint Motion for Review") seeking Court approval to finalize a settlement in the within Matter as required under the FLSA. *See* ECF Doc. 17. On April 3, 2020, this Court directed Bartoli to file "a supplemental memorandum with supporting documentation addressing the fee request within fourteen (14) days." *See* April 3, 2020 Text Order. In response thereto, Bartoli submits the within Supplemental Memorandum for this Court's consideration.

As an initial matter, Bartoli respectfully notes that the Joint Motion for Review is not a petition seeking an award of attorneys' fees from the City, but rather a request for approval of a mutually reached Settlement Agreement and release of FLSA claims after arms-length

negotiations between experienced attorneys expressly providing for an agreed-upon sum of $22,000.00 as payment for Bartoli's counsel fees (at a substantial over 50% discount as addressed below), which in no way compromises Bartoli's full damages under the FLSA.  *Indeed, this is perhaps an unusual settlement where Bartoli will receive the entirety of his claimed unpaid wages, complete liquidated damages, and the equivalent of complete interest on his unpaid wages under the FLSA.*[1]

In light of the results achieved and substantial time and resources expanded by counsel, Bartoli respectfully submits that counsel fees within the Settlement Agreement is fair and reasonable and, consequently, prays for this Court's approval of the Settlement Agreement.

**II.    ARGUMENT**

    **A.    Approval of Attorneys' Fees is Not Required Where, as Here, There is No Compromise on Damages.**

Bartoli's counsel recognizes that the concise Joint Motion for Review was silent about the standard of review of attorneys' fees in FLSA settlement agreements and is grateful to this Court for the opportunity to address that issue.  For the sake of clarity, where, *as here*, a settlement agreement does not compromise a plaintiff's claim for unpaid wages and liquidated damages under the FLSA, courts have held that judicial approval of separately provided for and agreed-upon attorneys' fees provisions is not required. *Boehne v. Easycredit Auto Sales, Inc.*, No. 6:10-CV-860-ORL-22, 2010 WL 4005367, at *2 (M.D. Fla. Sept. 24, 2010), report and recommendation adopted. No. 6:10-CV-860-ORL-22, 2010 WL 4004295 (M.D. Fla. Oct. 13, 2010) ("Because [the plaintiff's] claim has not been compromised, the Agreement is necessarily a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." ... Thus, the Court "need not scrutinize

---

[1] The Settlement Agreement provides for payment by the City as follows: 1) $3,431.60 to Bartoli for unpaid wages; 2)  $4,568.40 to Bartoli for "liquidated damages;" and 3) $22,000.00 to Bartoli's counsel for counsel fees and costs in connection with Bartoli's claims. *See* Settlement Agreement and General Release [ECF Doc. 17-2] at *2.

the settlement further to consider whether the payment to [plaintiff's] attorney, the hourly rate claimed by [plaintiff's] attorney, or the costs claimed by [plaintiff's] attorney are reasonable.") (internal citations omitted).

### B.  Court Approval of FLSA Waivers and Releases.

Nevertheless, with respect to court approval of settlement agreements releasing rights under the FLSA generally, an employee may only waive an FLSA claim for unpaid wages or overtime pursuant to a judicially-approved stipulated settlement. *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 203 (2d Cir. 2015). Proposed settlements under the FLSA require court approval because private settlements under the FLSA will not effectuate a valid release. *See id.; Stalnaker v. Novar Corp.*, 293 F. Supp. 2d 1260, 1262 (M.D. Ala. 2003). The court must scrutinize the proposed settlement to determine whether it is a fair and reasonable resolution of a bona fide dispute. *Lynn's Food Stores, Inc. v. U.S.*, 679 F.2d 1350, 1354-55 (11th Cir. 1982); *Jarrard v. Se. Shipbuilding Corp.*, 163 F.2d 960, 961 (5th Cir. 1947). If a settlement in an FLSA suit reflects "a reasonable compromise over issues," such as FLSA coverage or computation of back wages that are "actually in dispute," the court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Lynn's Food Stores, Inc.,* 679 F.2d at 1354; *Petrovic v. Amoco Oil Co.*, 200 F.3d 1140, 1148-49 (8th Cir. 1999) ("[a] strong public policy favors [settlement] agreements, and courts should approach them with a presumption in their favor.")

### C.  The Settlement and Counsel Fees is Fair, Just, and Reasonable

In the instant case, Bartoli respectfully submits that the proposed settlement is fair, just, and reasonable in all aspects, including the provision for his counsel fee, because there is no "compromise" as to any of his claimed damages under the FLSA. <u>*As addressed in detail below, Bartoli will receive the entirety of his claimed unpaid wages, complete liquidated damages, and the equivalent of complete interest on his unpaid wages under the FLSA. The counsel fees*</u>

<u>*provision of the Settlement Agreement in no way compromises or reduces any of Bartoli's damages under the FLSA.*</u>

**First**, the Settlement Agreement was reached after the Parties completed factual discovery and engaged in approximately one month of arms-length negotiations.  This matter was vigorously contested, with counsel for all Parties ardently advocating their positions.  In the end, Bartoli and experienced counsel on both sides of this matter deemed the settlement fair and reasonable. *See In re BankAmerica Corp. Sec. Litig.*, 210 F.R.D. 694, 702 (E.D. Mo. 2002) ("Although the Court is not bound by counsel's opinion, their opinion nevertheless is entitled to great weight.").

**Second**, the Settlement Agreement provides for complete relief and total recovery to Bartoli under the FLSA. Under the FLSA, aggrieved plaintiffs may seek payment of unpaid wages, an equivalent amount of mandatory liquidated damages for willful violations, and reasonable attorneys' fees.  29 U.S.C. at § 216(b);  29 U.S.C. at § 260.  Here, Bartoli alleges that he is owed $1,112.85 in unpaid straight time wages and $2,318.75 in unpaid overtime wages, totaling $3,431.60, during weeks employed by the City from July 24, 2017 until his voluntary resignation on or about September 29, 2017.  *See* Complaint, ¶¶ 12, 27-28 (alleging unpaid wages of $1,112.85 and $2,318.75; *see also* Complaint, ¶¶23-23(i) (providing a breakdown of weeks Bartoli alleges he worked over 35 hours).  The Settlement Agreement provides for payment totaling $8,000 to Bartoli in two separate checks, $3,431.60 for unpaid wages and $4,568.40 for "liquidated damages" which, in addition to the separate provision for attorneys' fees, represents Bartoli's best day in court under the FLSA. That is, Bartoli is recovering the entirety of his claimed unpaid wages, plus complete 1x liquidated damages, and an additional $1,136.80 which would be the equivalent of prejudgment interest at 1% per month for 33 months ($1,132.43 from July 24, 2017 to the present).  Accordingly, the settlement is more than fair and reasonable to Bartoli with respect

to his actual damages, especially in light of, at a minimum, liquidated damages being uncertain if this matter proceeds.

**Third**, in light of the excellent results achieved for Bartoli and the substantial amount of time and resources expanded by Bartoli's counsel to achieve said results, the counsel fees of $22,000 provided for in the agreement is far more than fair and reasonable, and indeed, *below* reasonable market rates based on counsel experience and results achieved. In total, as of March 6, 2020, Bartoli's counsels have expanded $49,107.03 of raw time and costs in order to achieve a resolution for the Bartoli. *See* Detail Work-in-Progress Report attached hereto as **Exhibit C**. Of the $49,107.03, which is actually a higher due to additional time entries for March and April including time spent on the within supplemental memorandum yet to be included, $1,357.03 are costs for which Bartoli's counsels will be reimbursed from the $22,000 attorneys' fees payments agreed-upon with the City. *Id* at *5. The remaining $47,750.00 represents 183.30 hours spent litigating Bartoli's claims through completion of discovery. *Id*. Indeed, Bartoli's counsels dedicated substantial time and resources engaging in necessary legal analysis and litigation before successfully achieving a resolution, which included (1) investigating the facts of Bartoli's claims; (2) calculating Bartoli's damages; (3) preparing a statutory notice of claim; (4) drafting the Complaint, Rule 16 statement, and initial disclosures; (5) attending the Rule 16 conference and subsequent Court conferences; (6) conducting legal research; (7) propounding written discovery requests; (8) gathering documents and responding to the City's written discovery requests; (9) reviewing the City's documents and other discovery production; (10) engaging in subsequent written discovery discussions to resolve disagreements; (11) preparing for and defending Bartoli's deposition; (12) preparing for and conducting three (3) individual and one (1) 30(b)6 depositions (in an effort to safe resources, the Parties were able to combine two individual depositions with

the 30(b)6 deposition); (13) engaging in subsequent settlement discussions prior to summary judgment; and (14) finalizing a resolution of this matter, including participating in the preparation of the initial Joint Motion for Review and, subsequently, preparing the within Supplemental Memorandum. *See generally* **Exhibit C**.

Notwithstanding the at least $49,107.03 in raw time and costs expanded and the excellent results achieved, the Settlement Agreement provides for counsel fees substantially reduced to only $22,000.00. Excluding costs, Bartoli's counsel will receive counsel fees of $20,642.97, which amounts to *only 43%* of the actual time expanded on this matter and an hourly rate of only $112. Indeed, both the reduction percentage and hourly rate are actually lower because neither reflect additional time expanded on this matter subsequent to the parties executing the proposed Settlement Agreement, including time spent preparing this Supplemental Memorandum. Accordingly, Bartoli respectfully submits that the counsel fees of $22,000.00 provided for in the Settlement Agreement is far more than fair and reasonable and should be approved by this Court. If so required by this Court, Bartoli and his counsels will provide any additional documentation, including affidavits in support, that this Court deems necessary for its analysis.

## II. CONCLUSION

For the foregoing reasons, Bartoli respectfully request that the Court grant the Parties' Joint Motion for Review and Approval of the Settlement Agreement and enter their proposed consent judgment.

        Respectfully submitted,

        Plaintiff,
        **WILLIAM A. BARTOLI**
        By his Attorneys,

        /s/Richard A. Sinapi
        Richard A. Sinapi (#2977)
        SINAPI LAW ASSOCIATES, LTD.
        2374 Post Road, Suite 201
        Warwick, RI  02886
        Phone: (401) 739-9690
        Fax: (401) 739-9040
        ras@sinapilaw.com

**Dated:  April 8, 2020**

### CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the within Joint Motion to Amend Scheduling Order was filed and served electronically by operation of the Court's CM/ECF System upon the following counsel on this **8th day of April, 2020**:

Timothy M. Bliss, Esq.
50 Park Row West—Suite 101
Providence, RI 02903
Tel: (401) 274-2100
Email:  tblisslaw@gmail.com

        /s/ Richard A. Sinapi, Esq.